IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  SA-13-CV-487-XR |
| JAIME SALAZAR, ET AL., | § § § | |
| *Defendants*. | § | |

**ORDER**

On this day the Court considered the status of this case.

A federal court is under a continuing duty to inquire into the basis of its jurisdiction and must examine the basis of its jurisdiction on its own motion if necessary. *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam). Defendants have removed this case from state court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.

"The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). When the petition does not include a specific monetary demand, the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The requirement of establishing that the amount in controversy exceeds $75,000 is met "if (1) it is apparent from the

face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.*

In an action for declaratory or injunctive relief, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "The amount in controversy in a forcible detainer action . . . is the value of the right to occupy or possess the property at issue." *Fed. Nat't Mortg. Ass'n v. Burns*, No. 3:13-CV-995-O, 2013 WL 2420878, at *3 (N.D. Tex. June 3, 2013).

Here, Defendant Jason Andrews contends that the amount in controversy requirement is satisfied because "[t]he subject real property has a current fair market value of $86,790." Notice of Removal at 2. However, Plaintiff's Original Petition for Forcible Detainer only seeks possession of the property, a writ of possession for the property, and costs of the lawsuit. It is not apparent from the face of the petition that the value of the property is relevant for determining the amount in controversy in this case, nor is it apparent that the amount in controversy requirement is otherwise satisfied. Thus, it appears that this Court lacks jurisdiction over this case.

In addition, it is uncertain whether Defendant Jaime Salazar has been served in the underlying suit and consents to removal to this Court.

Accordingly, Defendants are ORDERED to file an advisory with this Court by no later than June 21, 2013, showing cause why this case should not be remanded for lack of subject matter jurisdiction. If Defendants do not file an advisory with this Court by that date, this case will be remanded for lack of subject matter jurisdiction.

It is so ORDERED.

SIGNED this 12th day of June, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE